# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | Criminal Action H-20-CR-00455 |
| § | |
| ZHENGDONG CHENG § | |

### CHENG'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ANDREW S. HANEN:

ZHENDONG CHENG, Defendant, ("Dr. Cheng") replies to the "Government's Response to Defendant Cheng's Motion for Revocation of Detention Order" (ECF No. 32) and shows:

## I. Dr. Cheng is not Procedurally Barred from Seeking Release[1]

This Court has the authority to and should take this matter up for consideration or refer it to a United States Magistrate Judge to either revoke the prior order of detention or re-open the detention hearing.

**A.   Dr. Cheng Did Not Improperly Seek to Reopen the Detention Hearing**

The Government first claims that in November, 2020, Dr. Cheng "improperly filed a motion to reopen the detention hearing under section 3142(f) with this Court, instead of the judicial officer – Magistrate Judge Edison – who entered the detention order." ECF No. 32 at 4 (citing Dkt. 24 and 25).   This is incorrect.  Dr. Cheng's "Opposed Motion to Reopen Detention Hearing," was not expressly addressed to the District Court.  ECF No. 24. Instead, the proposed "Order," cited by the Government, provided a signature line for the "United States Magistrate Judge."   ECF No. 25.

---

[1] The Government's substantive arguments are not new and adequately addressed by Dr. Cheng's motion.

Nevertheless, this Court exercised it's discretion to rule on the Motion to Reopen.

Regardless, a judicial officer can reopen a detention hearing "at any time before trial" to consider whether "information exists that was that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." 18 U.S.C. § 3142. There is no statutory requirement that the reopening occur on the motion of a party. *Id.* There is also no statutory limit on the number of times a detention hearing can be reopened. The Court (or the Magistrate) may reopen the detention hearing now because, contrary to the Government's assertion, the information attached to Dr. Cheng's Motion for Revocation was not reviewed previously.

Dr. Cheng's Motion for Revocation presents, for the first time, "Agreements to Forfeit Real Property to Obtain Release for Zhengdong Cheng" for three unencumbered parcels of real property signed by Defendant and his wife in February, 2021. ECF No. 30 at Ex. A. Dr. Cheng then supplemented the Motion for Revocation to provide evidence that a fourth parcel of real property only became unencumbered on February 8, 2021. It is now also available to secure his release. ECF No. 31 at Ex. A. The Motion for Revocation also provides an affidavit from an individual willing to act as Dr. Cheng's third-party custodian. ECF No. 30. at Ex. B. Additional letters were provided to the Court, including one from an attorney explaining the challenges reviewing voluminous discovery in the Chinese language with a detained client. *Id.* at Ex. G thru N, P. The dates on these exhibits further demonstrate this evidence was not previously available.

The possibility of a third-party custodian or real property forfeiture to secure bail was not even discussed on the record at the August, 2020, detention hearing. *See* ECF No. 26. Instead, the Court observed it had no information on whether the real properties were encumbered. ECF No. 26

2

at 62:16-25. At the end of the detention hearing, the following exchange took place between the U.S. Magistrate Judge and previous defense counsel:

> **THE COURT:** I think both parties would agree that, at least in the record before me, I can't tell what assets or what is -- what assets minus liabilities he has, right? I mean...
>
> **MR. GALLAGHER:** That's correct.
>
> **THE COURT:** Would you agree with that, Mr. Gallagher? I mean, I know there's a number of properties. I see the numbers in the pretrial report, but at least there's nothing before me that tells me if they're mortgaged or not.
>
> **MR. GALLAGHER:** I agree. You don't have that information.

*Id.* The Magistrate's specific inquiry about unincumbered property strongly implicates that the decision regarding Dr. Cheng's continued detention may have been different if presented with the same evidence filed with the current motion. The aforementioned exhibits attached and supplemented to the Motion for Revocation were not previously available and fill this void. One property was not even paid off at that time. Though the Motion to Reopen was denied, this Court has the authority to revisit the matter or grant his pending Motion for Revocation of the order of detention.

**B.    The Order Denying the Motion to Reopen Was Not an Order of Detention**

The Government next contends that "Section 3145 does not permit a defendant a second reconsideration of detention after the court original jurisdiction has previously order the defendant

detained." The District Court is a court of original jurisdiction. However, the order denying Cheng's Motion to Reopen is not an "order of detention" within 18 U.S.C. § 3145(b) because it does not comply with 18 U.S.C. § 3142(i). Under that section, a detention order is required to:

(1) include written findings of fact and a written statement of the reasons for the detention;
(2) direct that the person be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
(3) direct that the person be afforded reasonable opportunity for private consultation with counsel; and
(4) direct that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the person is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.

18 U.S.C. § 3142(i). The December 15, 2020, *Order* omits those items. ECF No. 29. Instead, it contains perfunctory language that Defendant "continue to be detained consistent with the previous Detention Orders entered on August 26, 2020, and August 28, 2020." *Id.* Dr. Cheng is, therefore, entitled to move to revoke the "Order of Detention" and requests the Court to do so.

**C.     Rule 59 Has Not Been Held to Apply and Observes this Court's Discretion**

Neither the Fifth Circuit nor a District Court in the Southern District of Texas has ever held that the Fed. R. Crim. P. 59 applies to these circumstances. The Government, instead, relies on unpublished decisions from another district for this proposition. *See* ECF No. 32 at 5. These are not binding on this Court. Even if they were, the Government concedes this Court has discretion to revoke any order of detention in this case. *Id.* Indeed, the 2005 Committee Notes to Rule 59 state "the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed." Fed. R. Crim. Pro. 59 (2005 Comm. Notes). Dr. Cheng urges the Court to exercise its discretion under this or any other authority to revisit detention and

4

release him.  Alternatively, it may refer the matter to the United States Magistrate Judge.

**D.**     **This Court May Hear this Matter or Refer it to the U.S. Magistrate Judge**

Under both Rule 59 and 18 U.S.C. § 3142(f), this Court may refer this matter to United States Magistrate Judge Edison.  18 U.S.C. § 3142(f).  Fed. Re. Crim. P. 59(b)(3) allows this Court to "resubmit the matter to the magistrate judge with instructions."  This is consistent with § 3142(f) which allows the judicial officer to reopen the detention hearing.  *See* § I.A., above.

## II. CONCLUSION

Dr. Cheng requests the Court to set this matter for a hearing or refer it to a United States Magistrate Judge, grant his motion, and release him upon appropriate conditions.

Respectfully Submitted,

**HILDER & ASSOCIATES, P.C.**

/S/ *Q. Tate Williams*_____
Quentin Tate Williams
Texas Bar No. 24013760
Philip H. Hilder
Texas Bar No. 09620050
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
tate@hilderlaw.com
philip@hilderlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the Assistant United States Attorney for the government herein, via ECF contemporaneous with filing.

/S/ *Q. Tate Williams*
Quentin Tate Williams