**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | Criminal No. 4:20-cr-00455 |
| | § | |
| **ZHENGDONG CHENG** | § | |

### SUPPLEMENT TO DEFENDANT'S OPPOSED MOTION TO SUPPRESS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ANDREW S. HANEN:

ZHENGDONG CHENG, Defendant, ("Cheng") supplements *Defendant's Opposed Motion to Suppress* with an executed Exhibit "E," attached hereto.

#### PRAYER

Defendant, Zhengdong Cheng, requests the Court grant his motion to suppress in accordance with the allegations and request for relief therein.

Respectfully Submitted,

**HILDER & ASSOCIATES, P.C.**

/S/ *Q. Tate Williams*
Quentin Tate Williams
Texas Bar No. 24013760
Philip H. Hilder
Texas Bar No. 09620050
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
tate@hilderlaw.com
philip@hilderlaw.com

1

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served upon the Assistant United States Attorney for the government herein, via ECF contemporaneous with filing.

                                              /S/ *Q. Tate Williams*
                                              Quentin Tate Williams



Exhibit E

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | Criminal Action H-20-CR-00455 |
| | § | |
| **ZHENGDONG CHENG** | § | |

## DECLARATION OF ZHENGDONG CHENG

My name is Zhengdong Cheng, I am fifty-three years old, and not under any disability which would affect my ability to sign this declaration.

On August 23, 2020, I was in the Easterwood Airport in College Station, Texas when I was approached by two men who directed me to come with them. I was taken to a conference room at the airport where the men introduced themselves as federal agents. I did not feel free to leave and was told I was not free to leave when by the agents when I asked if I could not go to the hotel. I was also told that I could not call the Dean at the University. This entire conversation was recorded and I have reviewed parts of it, particularly those where I was asked to waive my rights or consent to the search of my electronic devices. If there are any discrepancies between my memory and the video, the video would be correct.

After they gave me the warnings, I asked for a lawyer, but the discussion continued. It was made clear to me that I was not free to leave and I could not call anyone until after they were finished with me. From what the two agents told me in that conversation, I believed that if I persisted in my initial request for an attorney, I would be arrested and go to jail. I believed that the only way I would be allowed to leave was if I waived my right to an attorney and agreed to talk to the two agents. I would not have waived my rights if I understood that they were going to arrest me

ZDC

and take me to jail regardless of whether I spoke to them or not.

After I waived my rights, agents asked me questions about my affiliations and work in China for some time. They showed me documents and also asked me to write information on a pad. I also gave them written permission to take my electronic devices because they said they would only have them for fifteen minutes and give then give them back. If I had known they were going to arrest me keep them, I would not have given them consent.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is within true and correct. Executed on __19/5__, 2021.

ZHENGDONG CHENG