UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 4:20-CR-00455 |
| | : | |
| v. | : | |
| | : | |
| ZHENGDONG CHENG | : | |
| | : | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS

The United States opposes defendant Cheng's Motion for Disclosure of Grand Jury Transcripts.

### I.   SUMMARY

Cheng's Motion for Disclosure of Grand Jury Transcripts, filed on November 24, 2021, relies on the same contested factual theory as his Motion to Dismiss the Indictment for Failure to State a Claim, filed on November 3, 2021.  Both argue that Cheng's work on the relevant NASA grant (NNX13AQ60G; the "NASA Grant") was "multilateral" because of Spanish collaboration, "which exempts it from NASA's China Funding Restriction."  Dkt. 72 (Cheng's Motion for Disclosure) at 1; Dkt. 69 (Cheng's Motion to Dismiss the Indictment for Failure to State an Offense) at 1-2.  Whereas Cheng's Motion to Dismiss argued that the "multilateral" nature of the NASA Grant necessitates dismissing the entire Indictment, Cheng's Motion for

1

Disclosure asserts that the "multilateral" nature of the NASA Grant necessitates disclosing the transcripts of the *entire* Grand Jury to allow Cheng to determine whether the Government "inappropriately instructed," "mislead," or "misinformed" the Grand Jury through statements "that the NASA Grant was bilateral and therefore violated NASA's China Funding Restriction." Dkt. 72 at 1, 10, 11, 15.

Like his Motion to Dismiss, Cheng's Motion for Disclosure faces a heavy burden he cannot satisfy. "Federal courts have long recognized that secrecy is essential to maintaining the integrity of the grand jury system," *In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987) (citing *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 428 (1983); *United States v. Procter & Gamble,* 356 U.S. 677, 681 (1958)), and courts will destroy that secrecy only in rare cases when a defendant has established both that a ground may exist to dismiss the indictment and a strong showing of "particularized need" for the materials that outweighs the policy underlying grand jury secrecy. FED. R. CRIM. P. 6(e)(3)(E)(ii); *Sells Engineering, Inc.*, 463 U.S. at 443.

Cheng fails both tests. Although Cheng styles his argument for dismissal as a "due process" claim related to Cheng's "Fifth Amendment right to indictment by an unbiased grand jury," Dkt. 72 at 1, he does not articulate any plausible Fifth Amendment violation. Cheng makes no specific allegations of bias or impropriety by the Grand Jury. Instead, he challenges the quality and adequacy of the evidence

(possibly) considered by the Grand Jury, specifically any statements that "the NASA Grant was bilateral and therefore violated NASA's China Funding Restriction." *Id.* at 10. As an attack on the Indictment, this is legally insufficient. "[T]he validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 344-345 (1974) (citations omitted).

In fact, even if Cheng's "multilateral" theory were exculpatory (which it is not), it is black letter law that the Government has no obligation to present even exculpatory evidence to the grand jury. *United States v. Williams*, 504 U.S. 36, 52 (1992) ("Imposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with [the grand jury system].") Cheng's argument is actually weaker than the omission of exculpatory evidence, as he acknowledges that the Indictment *included* the key evidence purportedly supporting his "multilateral" theory (the existence of Spanish collaborators and the "bilateral" language in NASA's China Funding Restriction). *See* Dkt. 72 at 3-4 (citing ¶¶ 17, 34 of the Indictment regarding the Spanish collaborators and NASA guidance on multilateral work), 6 (arguing that the NASA Grant was multilateral "[b]ased on the face of the Indictment."); Dkt. 1 ¶¶ 2, 9, 18 (Indictment citations to the "bilateral" language in NASA's China Funding Restriction). Thus, Cheng's

actual complaint is not even that the Government failed to present evidence to the Grand Jury, but that it failed to interpret that evidence in the fashion most favorable to him. The Government has no such obligation, and Cheng cites no legal authority supporting disclosure of Grand Jury transcripts on similar facts.

For a multitude of reasons, Cheng also does not make a strong showing of "particularized need" that justifies destroying grand jury secrecy in this matter. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983). Cheng's Motion is both overtly speculative (he "suspect[s]" that the Government "may have" misinformed the Grand Jury because it is "difficult to imagine" how a Grand Jury could have indicted Cheng absent misinformation (Dkt. 72 at 1, 12)) and premised entirely on his conclusory opinion that the NASA Grant work was "bilateral" and "exempt" from NASA's China Funding Restriction in a manner that invalidates the Indictment. The speculative and conclusory nature of his Motion is likewise insufficient. *See United States v. Rodriguez-Torres*, 570 F. Supp. 2d 237, 242 (D. P.R. 2008) (speculative allegations of impropriety are not sufficient to meet this burden; rather, the requesting party must establish that "particularized and factually based grounds exist to support the proposition that irregularities in grand jury proceedings may create a basis for dismissal of an indictment."); *United States v. Lightner,* No. CR H-18-513, 2018 WL 6602183, at *1 (S.D. Tex. Dec. 17, 2018)

(rejecting unspecific, conclusory allegations previously raised without merit in a motion to dismiss).

Moreover, in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222-224 (1979), the Supreme Court held that to demonstrate a "particularized need," the defendant must show that (1) the desired material will avoid a possible injustice; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structed to cover only material so needed. Cheng cannot and does not satisfy these measures. First, there is no injustice that can be remedied by granting this Motion. Cheng already filed a Motion to Dismiss the Indictment based on his "multilateral" theory without the Grand Jury transcripts. If his Motion to Dismiss succeeds, the Indictment will be dismissed. If his Motion to Dismiss fails, his "multilateral" theory for dismissal is necessarily insufficient as a basis for disclosure of grand jury materials under Rule 6(e)(3)(E)(ii). Even if both motions are denied, Cheng is still free to pursue this novel theory as a defense at trial. Either way, no injustice will be cured through this Motion. Second, for the reasons already articulated, Cheng has failed to show that the need for disclosure is greater than the need for continued secrecy, which is the default position. Third, Cheng makes no attempt to structure or tailor his request at all; he seeks disclosure of the transcripts for the entire Grand Jury. Dkt 72 at 12, 13, 15. Cheng thus does not show a "particularized need" for the transcripts. *Douglas Oil Co.*, 441 U.S. at 222-224.

For these reasons, and for the reasons discussed in the Government's Opposition to the Motion to Dismiss,[1] Cheng's Motion for Disclosure should be denied.

## II. LEGAL STANDARD

Federal courts "consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983); *see also In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987) ("Federal courts long have recognized that secrecy is essential to maintaining the integrity of the grand jury system."). As such, "grand jury testimony is generally not discoverable on pretrial motion." *U.S. v. Pelton*, 578 F.2d 701, 709 (8th Cir. 1978).

The Federal Rules of Criminal Procedure provide that a court may authorize disclosure of grand jury materials only in limited circumstances, including at the request of a defendant who "shows that a ground may exist to dismiss the indictment

---

[1] In his Motion for Disclosure, Cheng incorporates by reference the arguments and authorities raised in his Motion to Dismiss. Dkt. 72 at 1 n.1. Consequently, and for the sake of brevity, the Government likewise incorporates by reference the arguments and authorities in its Response to the Motion to Dismiss (Dkt. 71). To the extent Cheng offers his Motion to Dismiss as an alternate potential ground for dismissal to satisfy Rule 6(e)(3)(E)(ii), Cheng's argument fails for the same reasons stated in the Government's Response to the Motion to Dismiss.

6

because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). Given the importance of grand jury secrecy, federal courts have consistently construed Rule 6(e) to require a strong showing of "particularized need" for grand jury materials before any disclosure will be allowed. *Sells Engineering, Inc.*, 463 U.S. at 443; *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223-224 (1979) (citing *Procter & Gamble*, 356 U.S. 677, 682-683 (1958)) (requiring "particularized need" for the materials that outweighs the policy underlying grand jury secrecy); *In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987) (citations omitted) (noting the requirements of "particularity" and "compelling necessity"). To demonstrate a "particularized need," the defendant must show that (1) the desired material will avoid a possible injustice; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structed to cover only material so needed. *Douglas Oil Co.*, 441 U.S. at 222.

### III.  ARGUMENT

**A.  No Ground Exists to Dismiss the Indictment.**

Cheng brings his motion under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), which requires that a defendant seeking disclosure of grand jury materials show "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). Cheng's

7

Motion fails this first test, as his claimed ground for dismissal, even if true, is insufficient as a matter of law.

Cheng seeks to dismiss the Indictment on "due process grounds violating [sic] Cheng's Fifth Amendment right to indictment by an unbiased grand jury because it is suspected that the Government may have inappropriately instructed the Grand Jury on the law and/or misinformed the Grand Jury on material facts." Dkt. 72 at 1. It is true that the Fifth Amendment requires a legally constituted and unbiased grand jury for a valid indictment. *See Costello v. U.S.*, 350 U.S. 359, 363 (1956); *see also U.S. v. Heffington*, 682 F.2d 1075, 1080 (5th Cir. 1982) (dismissal of indictment justified only when prosecutor's prejudicial remarks so biased that grand jurors' vote based on that bias). However, while Cheng cloaks the Motion in references to the Fifth Amendment and due process, he does not *actually* allege any due process or Fifth Amendment violation. He does not, for instance, contest that the Grand Jury represented a cross-section of the population or allege any violation of equal protection or due process in the Grand Jury's composition. He does not assert *any* plausible Fifth Amendment argument. "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello*, 350 U.S. at 363.

Cheng "makes no allegations of bias or impropriety by the grand jury. Instead, he challenges the quality and adequacy of the evidence considered by the grand jury, which is exactly the sort of 'preliminary trial to determine the competency and adequacy of the evidence before the grand jury' warned against by the Supreme Court." *United States v. Wong*, No. 12-CR-00483 EMC NC, 2012 WL 6019617, at *2 (N.D. Cal. Nov. 30, 2012) (citing *Costello,* 350 U.S. at 363). Cheng vaguely alleges that the Government "may have inappropriately instructed the Grand Jury on the law and/or misinformed the Grand jury on material facts," and the only supposed "inappropriate" statements identified with any particularity in the Motion are "that the NASA Grant was bilateral and therefore violated NASA's China Funding Restriction." Dkt. 72 at 1, 10. But as the Supreme Court sagely observed, a "complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was 'incomplete' or 'misleading.'" *United States v. Williams*, 504 U.S. 36, 54 (1992). As such, "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 345 (1974).

For the reasons explained at length in the Government's Response to Cheng's Motion to Dismiss, Cheng's "multilateral" theory is not exculpatory. However, *even if it were* exculpatory, it is well established that the Government has no obligation

9

to present exculpatory evidence to the grand jury. *See United States v. Williams*, 504 U.S. 36, 52 (1992) ("Imposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with [the grand jury system]."); *see also United States v. Bingham*, 653 F.3d 983, 999 (9th Cir. 2011) ("[T]he government has no obligation to disclose substantial exculpatory evidence to a grand jury.") (citations omitted). "It is settled that a district court cannot use its supervisory powers to dismiss an indictment because the government failed to present exculpatory evidence to a grand jury." *United States v. Lightner*, No. CR H-18-513, 2018 WL 6602183, at *1 (S.D. Tex. Dec. 17, 2018) (*citing Williams*, 504 U.S. at 51-52); *see also United States v. Wong*, No. 12-CR-00483 EMC NC, 2012 WL 6019617, at *2 (N.D. Cal. Nov. 30, 2012) ("Wong's argument that the grand jury should have considered exculpatory evidence is not an injustice and does not warrant destroying the secrecy of the proceedings.")

In short, the Grand Jury had no obligation to consider, and the Government had no obligation to present even exculpatory evidence, let alone Cheng's disputed novel factual theory (which is contradicted by contemporaneous evidence). Cheng's argument for dismissal is actually weaker than the omission of exculpatory evidence, as he acknowledges the Indictment refers to both the Spanish collaborators and the "bilateral" language in NASA's China Funding Restriction, which are the key pieces of evidence purportedly supporting his "multilateral" theory. *See* Dkt. 72 at 3-4

(citing ¶¶ 17, 34 of the Indictment regarding the Spanish collaborators and NASA guidance on multilateral work), 6 (arguing that the NASA Grant was multilateral "[b]ased on the face of the Indictment"); Dkt. 1 ¶¶ 2, 9, 18 (Indictment citations to the "bilateral" language in NASA's China Funding Restriction). Despite Cheng's conclusory opinion, this evidence does not show his NASA Grant work was "multilateral" and "exempt" from NASA's China Funding Restriction. Thus, when Cheng argues the Government misstated material facts and/or the law regarding the NASA Grant, Dkt. 72 at 12, he is not arguing that the Government failed to provide the Grand Jurors with the key evidence; he is arguing that the Government should have interpreted that evidence the same way he does. *See* Dkt. 72 at 4-5 (arguing that the Government "likely hid from the Grand Jurors that *since* work on the project included Spanish collaborators (also referenced in Dkt. 1 at ¶ 17) the NASA Grant became a multilateral project") (emphasis added).

Cheng's assertion that the Government has an affirmative duty to advance a defendant's interpretation or theory of the evidence to the grand jury is so divorced from the appropriate legal standards that Cheng cannot point to any caselaw supporting disclosure of grand jury materials on similar facts. In fact, Cheng's Motion repeatedly cites relevant caselaw which directly undermines his Motion. For instance, Cheng cites *Bank of Nova Scotia v. United States,* 487 U.S. 250, 263 (1988), *United States v. Williams*, 504 U.S. 36, 54–55 (1992), and *United States v.*

11

*Strouse*, 286 F.3d 767, 772 for the proposition that "Courts' supervisory power *should* be exercised to dismiss an indictment when the Government knowingly uses improper and false information before the Grand Jury." Dkt 72 at 11 (emphasis added). But this was not the outcome in any of the cited cases. *Bank of Nova Scotia* involved a number of errors in the grand jury process, including "improper" conduct, but the Supreme Court still upheld the indictment, holding that "[e]rrors of the kind alleged in these cases can be remedied adequately by means other than dismissal," and concluding that "the District Court had no authority to dismiss the indictment on the basis of prosecutorial misconduct absent a finding that petitioners *were prejudiced* by such misconduct." *Bank of Nova Scotia,* 487 U.S. at 263 (emphasis added). Likewise, the Supreme Court rejected the defendant's challenge to an indictment in *Williams* based on the Government's failure to disclose "substantially exculpatory evidence," holding that "[r]eview of facially valid indictments on such grounds 'would run counter to the whole history of the grand jury institution[,] [and] [n]either justice nor the concept of a fair trial requires [it].'" *Williams*, 504 U.S. at 54–55 (quoting *Costello v. U.S.*, 350 U.S. 359, 363 (1956)). *Strouse*, a Fifth Circuit case, also rejected a defendant's challenge to the indictment despite a finding of perjury, holding that "we are persuaded that perjury before the grand jury that was not knowingly sponsored by the government may not form the basis for a district

12

court's dismissal of an indictment under its supervisory power." *Strouse*, 286 F.3d at 772. Thus, Cheng's own caselaw demonstrates that his Motion should be denied.[2]

**B.      The Motion is Vague, Speculative, and Based on Conclusory Opinion.**

Cheng's Motion should be denied for the additional reasons that it is (1) facially vague and speculative and (2) based entirely on his conclusory opinion that the NASA Grant was "multilateral" and "exempt" from the China Funding Restriction in a manner that invalidates the Indictment.

Cheng vaguely asserts it is merely "suspected that the Government may have inappropriately instructed the Grand Jury on the law and/or misinformed the Grand Jury on material facts," Dkt. 72 at 1, based on his own sense that "[i]t is difficult to imagine how a properly informed / instructed grand juror could have indicted Cheng absent receiving misinformation from the Government." *Id*. at 12. But it is well established that a defendant's "particularized need" must be based on more than mere speculation. *See United States v. Rodriguez-Torres*, 570 F. Supp. 2d 237, 242 (D. P.R. 2008) (citing *United States v. Loc Tien Nguyen,* 314 F.Supp.2d

---

[2] Cheng's Motion does make several allusions to more serious government misconduct, which could in theory supply a basis for dismissal of an indictment. *See* Dkt. 72 at 11 (referencing "improper manipulation" and instances where the Government "knowingly uses improper and false information before the grand jury"), 12 (referencing "prosecutorial misconduct"). Such references are misplaced in this case, where, by Cheng's own telling, the only alleged "improper manipulation" was the Government not construing the evidence in the Indictment in a fashion more favorable to Cheng. The references to more serious misconduct are also, by Cheng's own description, entirely speculative. *See id*.

13

612, 616 (E.D. Va. 2004) (Speculative allegations of impropriety are not sufficient to meet this burden; rather, the requesting party must establish that "particularized and factually based grounds exist to support the proposition that irregularities in grand jury proceedings may create a basis for dismissal of an indictment."); *United States v. Lightner*, No. CR H-18-513, 2018 WL 6602183, at *1 (S.D. Tex. Dec. 17, 2018) (rejecting unspecific, conclusory allegations previously made without merit in a motion to dismiss).

Cheng's Motion for Disclosure, like his Motion to Dismiss, is also based entirely on his conclusory opinion that his NASA Grant work was "multilateral" and "exempt" from the China Funding Restriction in a manner that invalidates the Indictment. Cheng simply dismisses "any assertions otherwise" as "incorrect." Dkt. 72 at 4. However, Cheng's "multilateral" theory is a novel and disputed factual theory contradicted by contemporaneous evidence. Cheng's NASA Grant work was not "multilateral" and "exempt" from the NASA Funding Restriction merely because Cheng pronounces it so, and Cheng's opinion to the contrary is not relevant to the sufficient of the Indictment. *See United States v. Valencia*, 2006 WL 846357, at *2 (S.D. Tex. Mar. 31, 2006) ("Defendant's personal opinion that

14

the charges against her, and thus testimony about those matters presented to the grand jury, are 'false' is insufficient to warrant the relief she seeks.").

Rule 6(e) "is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." *United States v. Loc Tien Nguyen,* 314 F.Supp.2d 612, 616 (E.D. Va. 2004). Because grand jury proceedings are entitled to a strong presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears a heavy burden of establishing that particularized and factually based grounds exist to support the proposition that irregularities in grand jury proceedings may create a basis for the dismissal of an indictment. *Id*. This burden cannot be satisfied with conclusory or speculative allegations of misconduct. *Id.*

**C.      The Motion Fails to Establish "Particularized Need" Outweighing the Policy of Grand Jury Secrecy.**

Even if Cheng was able to establish a "ground" to dismiss the Indictment, disclosure of the transcripts for the entire Grand Jury would still be unwarranted in this case because Cheng has not made the requisite showing of "particularized need" that outweighs the policy underlying grand jury secrecy. As Cheng's Motion notes, the Supreme Court in *Douglas Oil* held that to demonstrate a "particularized need," the defendant must show *all* of the following: (1) the desired material will avoid a possible injustice; (2) the need for disclosure is greater than the need for continued

secrecy; and (3) the request is structed to cover only material so needed. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). Cheng Motion for Disclosure does not satisfy any of the *Douglas Oil* requirements.

First, there is no injustice that will be remedied through disclosure of the Grand Jury transcripts. Cheng already filed a Motion to Dismiss the Indictment for Failure to State a Claim based on his novel theory that Cheng's work was "multilateral" and therefore "exempt" from the NASA Funding Restriction, which he expressly incorporates in the Motion for Disclosure. Dkt. 72 at 1 n.1. Thus, if Cheng's "multilateral" theory is valid (it is not, for the reasons noted in the Government's Response and herein), the Indictment will be dismissed and Cheng will not need grand jury transcripts. If, however, Cheng's Motion to Dismiss fails, then his "multilateral" theory for dismissal is necessarily insufficient as a basis for disclosure of grand jury materials under Rule 6(e)(3)(E)(ii). Even if *both* of Cheng's pending motions are denied, Cheng is *still* free to pursue this novel factual theory as a defense at trial. Either way, no injustice will be cured through the Motion for Disclosure. "The accuracy of the now-pending charges against Defendant will be tested at trial. Fact issues abound in this case. These are matters for the jury. Defendant is not entitled to grand jury testimony, except to the extent the testimony or evidence was relied on by the Government's expert and as required under the

Jenck's Act, 18 U.S.C. § 3500."[3] *United States v. Valencia*, No. CRIM. H-04-514-SS, 2006 WL 846357, at *2 (S.D. Tex. Mar. 31, 2006).

Second, for the reasons already articulated above, the need for disclosure is not greater than the need for secrecy. Secrecy is the default position, and a heavy burden rests on Cheng to overcome that secrecy. As Cheng's Motion notes, one of the policy considerations for grand jury secrecy is interference with witnesses who testify at the grand jury. While Cheng interprets this as a concern about members of "organized or violent crime," Dkt 72 at 13, evidence presented to the Grand Jury in this case may have included information from Cheng's colleagues, coworkers, and employer, and Cheng is currently free from custody with likely access and proximity to such persons and institutions. The need for secrecy remains. *See Douglas Oil* 441 U.S. at 222 (courts must consider not only the immediate effects on a particular grand jury, but also future grand juries, including "social stigma" as a deterrent to those who aid the grand jury).

Third, Cheng's request is not "structured to cover only material so needed." Indeed, Cheng's request is not structured or tailored at all. Cheng simply asks for everything. *See* Dkt 72 at 2 (requesting "*all* Grand Jury testimony including but not limited to" enumerated categories) (emphasis in original). Thus, under *Douglas Oil*

---

[3] In this case, the Government does not expect to call the agent who offered Grand Jury testimony at trial.

and its progeny, Cheng has not shown a "particularized need" for the transcripts for the entire Grand Jury.

## IV. CONCLUSION

Cheng has neither shown that a ground may exist to dismiss the Indictment nor provided a strong showing of "particularized need" for the transcripts of the entire Grand Jury that outweighs the policy underlying grand jury secrecy. FED. R. CRIM. P. 6(e)(3)(E)(ii); *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983). For the reasons discussed above, Cheng's Motion should be denied.

Respectfully submitted,

**JENNIFER B. LOWERY**
Acting United States Attorney

/s/ *Carolyn Ferko*
Carolyn Ferko
Assistant United States Attorney
Southern District of Texas


**Matthew G. Olson**
Assistant Attorney General

/s/ *Adam Hess*
Adam Hess
Trial Attorney
U.S. Department of Justice
National Security Division
Counterintelligence & Export Control Section

## **CERTIFICATE OF SERVICE**

I certify that the United States' Response to Defendant's Motion for Disclosure of Grand Jury Transcripts was served on counsel for the defendant via e-mail on December 8, 2021.

/s/ *Carolyn Ferko*
Carolyn Ferko
Assistant United States Attorney
Southern District of Texas