United States District Court
Southern District of Texas
**ENTERED**
January 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* | § § § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-455 |
| ZHENGDONG CHENG, *Defendant.* | § § § § | |

## ORDER

Before the Court are Defendant Zhengdong Cheng's ("Cheng") Motion for Disclosure of Grand Jury Transcripts (Doc. No. 72), the Government's Response in opposition (Doc. No. 75), and Cheng's Reply (Doc. No. 77). Having considered the relative merits, the Court hereby denies Cheng's Motion.

### I.

Cheng's Motion is somewhat unique. He wants the entire record of the grand jury proceedings—not a specific portion. It is also a somewhat unusual request in that he wants the transcript in order to review what the prosecuting attorneys said—not to see an alleged witness' testimony. His theory is that the grand jury may have been biased because the attorneys for the Government arguably "misled" the grand jury on the applicable law and/or "misinformed" the grand jury on the law or material facts. (Doc. No. 72 at 1).

Cheng claims that the China Funding Restriction passed by Congress only applies to a bilateral agreement between NASA and a related Chinese entity or person and that the NASA-TAMU grant in question here had to have been multilateral because there were Spanish researchers that were going to participate in the project. Cheng assumes, without citing authority, that the involvement of Spanish researchers makes the grant multilateral; and that being the case,

the China Funding Restriction does not apply. Cheng further contends that if the grand jury was informed that the China Funding Restriction applied, it was given misinformation that clearly resulted in grand jury bias, which led to his indictment.

The Government opposes these contentions both factually and based on the governing rules and controlling caselaw.

## II.

Initially, the Court notes that Rule 6(e) of the Federal Code of Criminal Procedure mandates that grand jury proceedings be secretive. Disclosures may only be made under the circumstance laid out in Rule 6(e)(3). A court may authorize a disclosure to a defendant who shows that a ground may exist to dismiss the indictment. Fed. R. Crim. P. 6(e)(3)(E)(ii). Caselaw has uniformly held that the burden to obtain a transcript of grand jury proceedings is a high one. A defendant must show that there are grounds to dismiss the indictment and that the defendant's particularized need outweighs society's need to keep grand jury hearings secret. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983).

Cheng does not accuse the grand jury, its foreperson, or any member of wrongdoing. His only challenge seems to be that the underlying NASA-TAMU grant, in his estimation, was multilateral, not bilateral. The Court finds Cheng's initial assumption—that the China Funding Restriction did not apply to the NASA-TAMU grant—may be debatable, but, regardless of whether that assumption is right or wrong, it disagrees with the conclusion that Cheng draws from it: if the project was multilateral, then the China Funding Restriction does not apply, and if it does not apply, then it is not a crime for Cheng to lie to, defraud, or conspire against the United States. Cheng is not charged with any violation of the China Funding Restriction. The Court this day denied his motion to dismiss the indictment based upon the same argument. This motion is

basically a request to go on a fishing trip into secret grand jury proceedings in the hope of catching something upon which he can base an argument that the grand jury was biased or that it was confused—not because his statements to NASA may or may not have been true—but because the Government's attorneys made a mistake of law on an immaterial issue. Moreover, it is clear from the indictment that the grand jury knew about the language of the China Funding Restriction and knew that there were collaborators from Spain that were slated to be involved. (Doc. No. 1 at ¶¶ 2, 17).

  Cheng is charged with various counts relating to his alleged deception in the NASA grant process. While the China Funding Restriction may provide context and may explain why NASA was probing Cheng's and TAMU's contacts with China, this Court is not and will not be asking the jury any questions regarding the restriction. Even if the transcript of the grand jury proceedings contains misstatements concerning the restriction attributable to the Government's attorneys by Cheng, those representations, accurate or not, do not affect the propriety of the charges and they will not affect the trial. Cheng, therefore, has shown no particularized need for the transcripts. Instead, he is hoping to find some statements by the prosecutors that he deems are contrary to his assessment of the law and the facts (not established law); and then he somehow hopes that he can parlay those into a ground for either dismissing/quashing the indictment or setting aside an adverse verdict. "[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 345 (1974). This indictment is valid on its face. Even assuming Cheng's multilateral argument to be valid, an indictment valid on its face is not fatally flawed merely because a prosecutor misspoke about the law on a tangential issue.

3

Cheng's Motion for Disclosure of Grand Jury Transcripts (Doc. No. 72) is denied without prejudice.

SIGNED at Houston, Texas this 12th day of January, 2022.

Andrew S. Hanen
United States District Judge