UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:20-cr-455-1 |
| ZHENGDONG CHENG | § § | UNDER SEAL |
| Defendant. | § | Unsealed 9/22/2022, Order # 91 |

## SUPERSEDING INFORMATION

The United States Attorney and Assistant Attorney General charge:

INTRODUCTION

At all times relevant to this Superseding Information:

1. The National Aeronautics and Space Administration ("NASA") was a part of the executive branch of the United States government. NASA regularly partnered with U.S. companies and academic institutions to facilitate the development of new technologies to help meet NASA's technology needs.

2. In 2011, Congress passed The Department of Defense and Full-Year Appropriations Act, Public Law 112-10, and the Consolidated and Further Continuing Appropriations Act of 2012, Public Law 112-55. Under these Acts, NASA was prohibited from using appropriated funding to enter into or fund any grant or cooperative agreement of any kind to participate, collaborate, or coordinate bilaterally in any way with China or any Chinese-owned company ("NASA's China Funding Restriction").

3. NASA defined "China or any Chinese-owned company" to include Chinese universities because Chinese universities are considered to be incorporated under the laws of the People's Republic of China ("PRC").

4. The Defendant Zhengdong Cheng was a Full Professor in the Department of Chemical Engineering at Texas A&M University ("TAMU").  TAMU hired Cheng in May 2004 and terminated Cheng's employment on or about December 14, 2020.

5. As a faculty member at TAMU, Cheng owed a duty of loyalty and candor to TAMU at all times.  TAMU has a policy requiring employees to disclose conflicts of interest.  The policy requires, in part, that members "have a responsibility to identify and manage, reduce or eliminate conflicts of interest that may arise due to financial or other personal interests of an Investigator."

6. With respect to TAMU employees engaged in research, the policy requires that such employees identify "all Research or Research Activities in which the Investigator is engaged at the time the Financial Disclosure Statement is submitted."

7. TAMU also requires its faculty and staff to submit a Financial Disclosure Statement upon initiation of employment and at least annually thereafter.  The form requires TAMU employees to disclose conflicts of interest with respect to outside employment and significant financial interests.  Submission of the online form requires the employee to certify "the information provided is true and correct to the best of my knowledge.  I further certify that I have read System Regulation 15.01.03 Financial Conflict of Interest in Research and the applicable system member rule and that I am aware of and understand my responsibilities and applicable federal regulations and system policies regarding disclosure of Significant Financial Interests."

8. From at least 2012 to 2020, Cheng did not disclose to TAMU any financial conflicts of interest and/or research pursuant to the policies and procedures described above with respect to outside employment, significant financial interests, or outside research or research activities.

9. While employed by TAMU, Cheng also performed research under grants funded by United States Government agencies, to include NASA, which is a part of the executive branch of the United

States government. NASA regularly partners with U.S. companies and academic institutions to facilitate the development of new technologies to help meet NASA's technology needs.

10. In particular, Cheng was the Principal Investigator ("PI") for an April 2013 NASA grant proposal by the TAMU Engineering Experiment Station ("TEES") titled "Research Opportunities in Complex Fluids and Macromolecular Biophysics, Liquid Crystals of Nanoplates" (the "TAMU Grant Proposal"). NASA's solicitation for the grant was contained in NASA Research Announcement ("NRA") NNH13ZTT001N. The TAMU research team ultimately received the NASA grant, No. NNX13AQ60G ("the NASA Grant"), for $746,967. The period of performance was initially from September 1, 2013, to August 31, 2018, but was subsequently extended to August 2020.

11. NASA regulations prohibited grant recipients from participating, collaborating, or coordinating bilaterally with China, any Chinese-owned company, or any Chinese university, at the prime recipient level or at any sub-recipient level, whether the bilateral involvement was funded or performed under a no-exchange of funds arrangement.

12. NASA defined "China or any Chinese-owned company" to include Chinese universities because Chinese universities are considered to be incorporated under the laws of the People's Republic of China ("PRC"). The NASA regulation ensures that NASA funds are not being spent contrary to the manner dictated by Congress at 14 C.F.R. 1260, Restrictions on Funding Activities with China ("NASA's China Funding Restriction"). NASA's regulation incorporates the language of 14 C.F.R. 1260 into its grant contracts, including by requiring applicants to submit a form titled "Assurance of Compliance – China Funding Restriction," confirming that the grant proposer is not China or a Chinese-owned company, and that the proposer will not participate, collaborate, or coordinate bilaterally with China or any Chinese-owned company, at the prime recipient level or at any sub recipient level.

13. In the TAMU Grant Proposal and during subsequent performance of the NASA Grant, Cheng repeatedly certified to NASA and/or caused TAMU to certify to NASA TAMU's compliance with the NASA Grant's China funding provision.

## COUNT 1
**(Violation of NASA Regulations)**

14. Paragraphs 1 through 13 of this Superseding Information are re-alleged as if fully set forth herein.

15. Between from in or about April 1, 2013, and on or about August 31, 2020, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**ZHENGDONG CHENG,**

the defendant, did unlawfully and willfully violate and conspire to violate the above regulations or orders promulgated by the Administrator of the National Aeronautics and Space Administration (NASA) for the protection and security of property and equipment in the custody of NASA and in the custody of a contractor under a contract with NASA. Specifically, in violation of NASA regulations and orders, defendant ZHENGDONG CHENG intentionally submitted materially false and misleading information regarding his employment, affiliation, and/or intended collaboration with Chinese universities and corporations in the NASA Grant proposal and during performance of the NASA Grant.

All in violation of Title 18, United States Code, Section 799.

## COUNT 2
### (Falsification of Official Documents)

16. Paragraphs 1 through 13 of this Superseding Information are re-alleged as if fully set forth herein.

17. Between from in or about April 1, 2013, and on about August 31, 2020, in the Southern District of Texas and elsewhere within the jurisdiction of the Court,

**ZHENGDONG CHENG,**

the defendant, being a person authorized by the laws of the United States to make and give certificates and other writings, knowingly made and delivered as true such certificates and writings, containing statements which he knew to be false. Specifically, defendant ZHENGDONG CHENG was the Principal Investigator ("PI") for the TAMU Grant Proposal and the NASA Grant, and knowingly made, or knowingly caused to be made, one or more of each of the following false statements on grant proposals, certifications, assurances, FFRs, and invoices that defendant ZHENGDONG CHENG was required to complete under the laws and regulations governing the NASA Grant: (i) materially incomplete disclosures regarding his employment, affiliation, and/or intended collaboration with Chinese universities and corporations; (ii) statements that defendant ZHENGDONG CHENG was not China or Chinese-owned company; and (iii) statements defendant ZHENGDONG CHENG would not participate, collaborate, or coordinate bilaterally with China or any Chinese-owned company.

All in violation of Title 18, United States Code, Section 1018.


| Jennifer B. Lowery | Matthew G. Olsen |
|---|---|
| United States Attorney | Assistant Attorney General |
| Southern District of Texas | National Security Division |

By:  /s/ S. Mark McIntyre            /s/ Jay Bratt by permission
     Carolyn Ferko                   Jay Bratt
     S. Mark McIntyre                Chief
     Assistant United States Attorneys    Counterintelligence and Export Control Section
                                     National Security Division