# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:20-cr-455-1** |
| | § | |
| **ZHENGDONG CHENG** | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through its attorneys, Jennifer Lowery, United States Attorney for the Southern District of Texas, and Matthew G. Olsen, Assistant Attorney General for the Criminal Division of the Department of Justice (collectively the "Department"), the defendant, Zhengdong Cheng ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

Defendant agrees to plead guilty to Counts One and Two of the Superseding Information. Count One charges the Defendant with the offense of violation of regulations of the National Aeronautics and Space Administration ("NASA"), Title

1

18 U.S. Code, Section 799.   Count Two charges the Defendant with the offense of false official certificates or writing, Title 18 U.S. Code, Section 1018.   If the Court accepts this plea agreement, once the Court has pronounced a sentence, the government will move to dismiss the Indictment. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Superseding Information, proven to a jury, or proven beyond a reasonable doubt.

## Punishment Range

Defendant understands the statutory maximum penalties which may be imposed against him for each violation of Count 1 and 2 of the superseding information is a) a term of imprisonment of not more than one year; b) a fine of not more than $100,000.00; c) pay restitution to the victims of the offense; and d)  a term of supervised release after imprisonment of up to one year. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2).  Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.  *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he

2

cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

Pursuant to Title 18, United States Code, Section 3013(a)(1)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of twenty-five dollars ($25.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.  Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

Defendant is aware that, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed.

3

Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Should the Court impose the sentence proposed herein, Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255.   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreement

The United States agrees to the following:

(a) If Defendant pleads guilty to Counts One and Two of the Superseding Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the Indictment at the time of sentencing.

4

## United States' Non-Waiver of Appeal

The United States reserves the right to carry out its responsibilities under guidelines sentencing.     Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Agreement Pursuant to Rule 11(c)(1)(C)

The United States and the Defendant agree that Defendant's plea of guilty is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (C) and that a sentence of incarceration to a time period equal to his pretrial incarceration (August 20, 2020, to September 15, 2021), with no period of supervised release, is an appropriate sentence in this matter. The United States and the Defendant further agree that the Defendant shall pay restitution to NASA in the amount of $86,876, and a fine of $20,000 will be imposed.  The United States and the Defendant understand

and agree that to the extent that this plea is governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court may decline to accept this agreement.  If the Court does not accept the agreement, the Defendant will be given the opportunity to withdraw from the plea.

### Rights at Trial

Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Agreement, including the following:

a.  If Defendant persisted in a plea of not guilty, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agree; and

b.  At that trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.  If the witnesses for Defendant would not appear voluntarily, he could require their attendance through

the subpoena power of the Court.

c. At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Admission of Factual Basis in Support of Guilty Plea

The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crimes to which the Defendant is pleading guilty. The Defendant has committed each element of the crimes to which the Defendant is pleading guilty and admits that there is a factual basis for these pleas of guilty. Defendant is pleading guilty because the Defendant is in fact guilty of the charges contained in Counts One and Two of the Superseding Information. Defendant admits, agrees, and stipulates that the factual allegations set forth in in this agreement are true and correct, and that they accurately reflect Defendant's criminal conduct. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Based on the evidence recovered during this investigation, the United States can prove beyond a reasonable doubt that Cheng committed the offenses below, in

violation of Title 18, United States Code, Section 799, and Title 18, United States Code Section 1018.

The National Aeronautics and Space Administration ("NASA) was a part of the executive branch of the United States government. NASA regularly partnered with U.S. companies and academic institutions to facilitate the development of new technologies to help meet NASA's technology needs.

In 2011, Congress passed The Department of Defense and Full-Year Appropriations Act, Public Law 112-10, and the Consolidated and Further Continuing Appropriations Act of 2012, Public Law 112-55.  Under these Acts, NASA was prohibited from using appropriated funding to enter into or fund any grant or cooperative agreement of any kind to participate, collaborate, or coordinate bilaterally in any way with China or any Chinese-owned company ("NASA's China Funding Restriction"). NASA defined "China or any Chinese-owned company" to include Chinese universities because Chinese universities are considered to be incorporated under the laws of the People's Republic of China ("PRC").

The Defendant Zhengdong Cheng was a Full Professor in the Department of Chemical Engineering at Texas A&M University ("TAMU").  TAMU hired Cheng in May 2004 and terminated Cheng's employment on or about December 14, 2020.

As a faculty member at TAMU, Cheng owed a duty of loyalty and candor to TAMU at all times. TAMU has a policy requiring employees to disclose conflicts of interest. The policy requires, in part, that members "have a responsibility to identify and manage, reduce or eliminate conflicts of interest that may arise due to financial or other personal interests of an Investigator." With respect to TAMU employees engaged in research, the policy requires that such employees identify "all Research or Research Activities in which the Investigator is engaged at the time the Financial Disclosure Statement is submitted."

TAMU also requires its faculty and staff to submit a Financial Disclosure Statement upon initiation of employment and at least annually thereafter. The form requires TAMU employees to disclose conflicts of interest with respect to outside employment and significant financial interests. Submission of the online form requires the employee to certify "the information provided is true and correct to the best of my knowledge. I further certify that I have read System Regulation 15.01.03 Financial Conflict of Interest in Research and the applicable system member rule and that I am aware of and understand my responsibilities and applicable federal regulations and system policies regarding disclosure of Significant Financial Interests."

From at least 2012 to 2020, Cheng did not disclose to TAMU any financial

9

conflicts of interest and/or research pursuant to the policies and procedures described above with respect to outside employment, significant financial interests, or outside research or research activities.

While employed by TAMU, Cheng also performed research under grants funded by United States Government agencies, to include NASA, which is a part of the executive branch of the United States government. NASA regularly partners with U.S. companies and academic institutions to facilitate the development of new technologies to help meet NASA's technology needs.

In particular, Cheng was the Principal Investigator ("PI") for an April 2013 NASA grant proposal by the TAMU Engineering Experiment Station ("TEES") titled "Research Opportunities in Complex Fluids and Macromolecular Biophysics, Liquid Crystals of Nanoplates" (the "TAMU Grant Proposal"). NASA's solicitation for the grant was contained in NASA Research Announcement ("NRA") NNH13ZTT001N. The TAMU research team ultimately received the NASA grant, No. NNX13AQ60G ("the NASA Grant"), for $746,967. The period of performance was initially from September 1, 2013, to August 31, 2018, but was subsequently extended to August 2020.

NASA regulations prohibited grant recipients from participating, collaborating, or coordinating bilaterally with China, any Chinese-owned company,

or any Chinese university, at the prime recipient level or at any sub-recipient level, whether the bilateral involvement was funded or performed under a no-exchange of funds arrangement.

NASA defined "China or any Chinese-owned company" to include Chinese universities because Chinese universities are considered to be incorporated under the laws of the People's Republic of China ("PRC").  The NASA regulation ensures that NASA funds are not being spent contrary to the manner dictated by Congress at 14 C.F.R. 1260, Restrictions on Funding Activities with China ("NASA's China Funding Restriction").  NASA's regulation incorporates the language of 14 C.F.R. 1260 into its grant contracts, including by requiring applicants to submit a form titled "Assurance of Compliance – China Funding Restriction," confirming that the grant proposer is not China or a Chinese-owned company, and that the proposer will not participate, collaborate, or coordinate bilaterally with China or any Chinese-owned company, at the prime recipient level or at any sub recipient level.

In the TAMU Grant Proposal and during subsequent performance of the NASA Grant, Cheng repeatedly certified to NASA and/or caused TAMU to certify to NASA, TAMU's compliance with the NASA Grant's China funding provision.

### Violation of NASA Regulations Under 18 U.S.C. § 799

NASA is restricted by specific applications of Section 1340(a) of The

Department of Defense and Full-Year Appropriations Act, Public Law 112-10 (NASA's 2011 continuing resolution), and Section 539 of the Consolidated and Further Continuing Appropriation Act of 2012, Public Law 112-55 (NASA's FY 2012 appropriation) from using funding appropriated in the Acts to enter into or fund any grant or cooperative agreement of any kind to participate, collaborate, or coordinate bilaterally in any way with China or any Chinese-owned company, at the prime recipient level or at any subrecipient level, whether the bilateral involvement is funded or performed under a no-exchange of funds arrangement. Consistent with this Congressional funding restriction, NASA regulations require that grant proposers certify "that the proposer is not China or a Chinese owned company, and that the proposer will not participate, collaborate, or coordinate bilaterally with China or any Chinese-owned company, at the prime recipient level or at any subrecipient level, whether the bilateral involvement is funded or performed under a no-exchange of funds arrangement."

NASA grant proposal regulations also require that the Principal Investigator ("PI") for any grant proposal submit both a Biographical Sketch and a Current and Pending Support disclosure.

As outlined above, from in or about April 1, 2013, to August 2020, in the Southern District of Texas and elsewhere, the Defendant Zhengdong Cheng did

12

unlawfully and willfully violate and conspire to violate the above regulations or orders promulgated by the Administrator of NASA for the protection and security of property and equipment in the custody of NASA and in the custody of a contractor under a contract with NASA.   Specifically, in violation of NASA regulations and orders, Cheng intentionally submitted materially false and misleading information regarding his employment, affiliation, and/or intended collaboration with Chinese universities and corporations in the NASA Grant proposal and during performance of the NASA Grant, all in violation of Title 18, United States Code, Section 799.

Cheng did so by submitting false or misleading affirmations to and through TAMU in the preparation of the grant application and through multiple affirmations thereafter. Specifically, during the application process, and then later throughout the performance of the NASA grant, Cheng concealed his affiliation and employment with multiple Chinese corporations, including Chinese universities.

### Falsification of Official Documents Under 18 U.S.C. § 1018

As outlined above, from in or about April 1, 2013, to August 2020, in the Southern District of Texas and elsewhere, the Defendant Zhengdong Cheng, being a person authorized by the laws of the United States to make and give certificates and other writings, knowingly made and delivered as true such certificates and writings, containing statements which he knew to be false.   Specifically, Cheng was

13

the Principal Investigator ("PI") for the TAMU Grant Proposal and the NASA Grant, and knowingly made, or knowingly caused to be made, one or more of each of the following false statements on grant proposals, certifications, assurances, FFRs, and invoices that Cheng was required to complete under the laws and regulations governing the NASA Grant: (i) materially incomplete disclosures regarding his employment, affiliation, and/or intended collaboration with Chinese universities and corporations; (ii) statements that Cheng was not China or Chinese-owned company; and (iii) statements Cheng would not participate, collaborate, or coordinate bilaterally with China or any Chinese owned company, all in violation of Title 18, United States Code, Section 1018.

## Breach of Plea Agreement

If Defendant should fail in any way to fulfill completely all of the obligations under this Agreement, the United States will be released from its obligations under the Agreement, and Defendant's plea and sentence will stand. Any information disclosed and documents produced by Defendant, whether prior to or subsequent to this Agreement, and all leads derived therefrom, can be used against Defendant in any prosecution. It is understood by Defendant and the United States that should Defendant fail to comply with any of the obligations set forth in this Agreement or violate any of the terms or conditions set forth in this Agreement, or engages in any

14

criminal violation, the United States shall be released from its obligations under this Agreement, but Defendant's plea and sentence will stand and the Southern District of Texas may institute or re-institute prosecution, including but not limited to enhancement of the sentence and may prosecute Defendant for any and all violations of Federal law which Defendant may have committed. For purposes of this paragraph, Defendant waives any statute of limitations that may apply to any such Federal offenses or counts. Whether Defendant has breached any provision of this Agreement shall be determined by the United States in its sole discretion.

## Agreement Binding – Southern District of Texas and Department of Justice, Criminal Division Only

The United States Attorney's Office for the Southern District of Texas and the Department of Justice, Criminal Division, agree that they will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct described above. This Agreement binds only the United States Attorney's Office for the Southern District of Texas, the Criminal Division of the Department of Justice, and Defendant. It does not bind any other United States Attorney's Office or division of the Department of Justice.

**Restitution**

Defendant agrees to pay full restitution to the victim regardless of the count of conviction in the amount of $86,876. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Fines**

Defendant agrees to pay a fine of $20,000. The fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

**Complete Agreement**

This written Agreement, including the attached addendum of Defendant and its attorney, constitutes the complete agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because it is guilty.

16

Any modification of this Agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _September 22_ 2022.

**AGREED:**

**FOR THE DEFENDANT:**

Date: _9|22|2022_                        By: _____
                                              Defendant Zhengdong Cheng

Date: _9|22|2022_                        By: _____
                                              Philip Hilder
                                              Q. Tate Williams
                                              Defense for Zhengdong Cheng

17

**FOR THE UNITED STATES OF AMERICA:**

Jennifer B. Lowery                    Matthew G. Olsen
United States Attorney               Assistant Attorney General


By: _S Mew Mefe_                     _Jay Bralt by permission_
Carolyn Ferko                        Jay Bratt
S. Mark McIntyre                     Chief
Assistant United States Attorneys    U.S. Department of Justice National
                                     Security & Export Control Section


Subscribed and sworn to before me on _September 22_ , 2022.


NATHAN OCHSNER,
UNITED STATES DISTRICT CLERK

By: _Rhonda S. Hawkins_
Deputy United States District Clerk


18

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-cr-455-1 |
| | § | |
| ZHENGDONG CHENG | § | **FILED UNDER SEAL** |
| Defendant. | § | |

## PLEA AGREEMENT --
## ADDENDUM

I have fully explained to Defendant his rights with respect to the Superseding Information that has been filed in this case. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per the count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

_____
Attorney for Defendant

9/22/2022
_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Information that has been filed against me. My attorney has

19

fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this Plea Agreement with my attorney.   I understand this Plea Agreement and I voluntarily agree to its terms.

_____
Defendant

9/22/2022
_____
Date

20